IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA S. HERRERA, ) | No. C 13-1016 LHK (PR) |
| ) | |
| Petitioner, ) | ORDER DENYING MOTIONS FOR |
| ) | LEAVE TO PROCEED IN FORMA |
| v. ) | PAUPERIS; ORDER TO SHOW |
| ) | CAUSE; ORDER DENYING |
| RANDY GROUNDS, ) | MOTION TO APPOINT COUNSEL |
| ) | |
| Respondent. ) | (Docket Nos. 2, 3, 6) |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner has submitted a Certificate of Funds, signed by an authorized officer, that indicates that Petitioner had an average monthly balance of $ 12.40 for the past six months, and an average monthly deposit of $ 16.67 in his inmate trust account. Thus, Petitioner's motions for leave to proceed in forma pauperis are DENIED.

For the reasons that follow, the Court orders Respondent to show cause why the petition should not be granted.

---

[1] Petitioner initially brought this action against Dr. Jeff Beard, "Director of Corrections." Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Randy Grounds, the current warden of Salinas Valley State Prison, is hereby substituted as Respondent.

Order Denying Motions for Leave to Proceed In Forma Pauperis; Order to Show Cause; Order Denying Motion to Appoint Counsel
G:\PRO-SE\SJ.LHK\HC.13\Herrera016oscdenifp.wpd

**BACKGROUND**

Petitioner challenges his criminal conviction and sentence imposed by the Santa Clara County Superior Court on March 20, 2008. In 2010, the California Court of Appeal affirmed the judgment, and the California Supreme Court denied the petition for review. Petitioner then filed several unsuccessful state habeas petitions in both the Superior Court and the California Supreme Court. The instant federal petition was filed on March 6, 2013.

**DISCUSSION**

**A. Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B. Petitioner's Claims**

Petitioner claims that: (1) trial counsel rendered ineffective assistance; (2) the prosecutor committed misconduct; (3) the judge committed misconduct; (4) there was insufficient evidence to support a finding of gang enhancement; (5) and Petitioner's right to confrontation was violated. Liberally construed, these claims are cognizable for federal habeas review. The Court orders Respondent to show cause why the petition should not be granted as to the above issues.

Petitioner also includes a motion to modify or waive his restitution fine. However, this claim is not cognizable because it does not satisfy the custody requirement of Section 2254(a). To satisfy this requirement, success on the claim must result in a change in the restraint on the Petitioner's liberty. *Bailey v. Hill*, 599 F.3d 976, 978-80 (9th Cir. 2010). Challenges to restitution do not satisfy this requirement. *See id.* at 980. Thus, this claim is dismissed.

### C. <u>Motion to Appoint Counsel</u>

Petitioner has filed a motion for appointment of counsel. However, the Sixth Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). While 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner if "the court determines that the interests of justice so require," the courts have made appointment of counsel the exception rather than the rule. Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). At this time, appointment of counsel is not mandated, and the interests of justice do not require appointment of counsel. Accordingly, Petitioner's request is **DENIED**. This denial is without prejudice to the Court's *sua sponte* reconsideration should the developments of this case dictate otherwise.

## CONCLUSION

1. Petitioner's motions for leave to proceed in forma pauperis are DENIED. Petitioner must pay the $5 filing fee within **thirty (30) days of the date of this order or face dismissal of this action for failure to pay the filing fee.** Petitioner's motion to appoint counsel is DENIED.

2. The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto (docket no. 1) upon the Respondent and the Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

3. Respondent shall file with the Court and serve on Petitioner, within **sixty days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the

1 answer, he shall do so by filing a traverse with the Court and serving it on Respondent within
2 **thirty days** of the date the answer is filed.

3     4. Respondent may file a motion to dismiss on procedural grounds in lieu of an
4 answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section
5 2254 Cases within **sixty days** of the date this order is filed.  If Respondent files such a motion,
6 Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-
7 opposition within **twenty-eight days** of the date the motion is filed, and Respondent **shall** file
8 with the Court and serve on Petitioner a reply within **fourteen days** of the date any opposition is
9 filed.

10     5. It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded that
11 all communications with the Court must be served on Respondent by mailing a true copy of the
12 document to Respondent's counsel.  Petitioner must keep the Court and all parties informed of
13 any change of address by filing a separate paper captioned "Notice of Change of Address."  He
14 must comply with the Court's orders in a timely fashion.  Failure to do so may result in the
15 dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure
16 41(b).

17     IT IS SO ORDERED.
18 DATED: 5/2/13

                                LUCY H. KOH
19                                 United States District Judge

Order Denying Motions for Leave to Proceed In Forma Pauperis; Order to Show Cause; Order Denying Motion to Appoint Counsel
G:\PRO-SE\SJ.LHK\HC.13\Herrera016oscdenifp.wpd    4