1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  JOSHUA S. HERRERA,                    )        No. C 13-1016 LHK (PR)
                                          )
12                      Petitioner,       )        ORDER GRANTING
                                          )        RESPONDENT'S MOTION TO
13       vs.                              )        DISMISS; DENYING CERTIFICATE
                                          )        OF APPEALABILITY
14  RANDY GROUNDS, Warden,                )
                                          )        (Docket No. 13)
15                      Respondent.       )
    _____)

16

17          Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus

18  pursuant to 28 U.S.C. § 2254, challenging his 2008 criminal judgment imposed by the Superior

19  Court of Santa Clara County.  The court issued an order to show cause.  In lieu of an answer,

20  respondent has filed a motion to dismiss the petition as untimely.  Petitioner has filed an

21  opposition, and respondent has filed a reply.  Petitioner has also filed an unauthorized response

22  to respondent's reply.  *See* Civil L. R. 7-3(3).  For the reasons stated below, the court GRANTS

23  respondent's motion to dismiss the petition as untimely.

24  I.    **BACKGROUND**

25          On June 20, 2006, a Santa Clara Superior Court jury found petitioner guilty of

26  committing home invasion robbery.  (Mot. at 2 and Ex. C at 54.)  The jury also found true

27  several enhancements.  (Mot. at 2.)  On March 21, 2008, the trial court sentenced petitioner to a

28  term of 19 years in state prison.  (Mot., Ex. A at 2 and Ex. C at 54.)  On June 25, 2010, the

1    California Court of Appeal affirmed the judgment.  (Mot., Ex. A.)  On October 13, 2010, the

2    California Supreme Court denied petitioner's petition for review.  (Mot., Ex. B.)

3          On June 14, 2011,[1] petitioner filed a state habeas petition in Superior Court, which was

4    denied on October 6, 2011.  (Mot. at 2, Exs. C and D.)  On November 28, 2011, petitioner filed a

5    state habeas petition in the California Court of Appeal, which was denied on November 30, 2011

6    because it was filed in the wrong district . (Opp., Ex. A at 5-6.)  On January 23, 2012, petitioner

7    filed a state habeas petition in the California Supreme Court, which was denied on September 19,

8    2012.  (Mot., Exs. E and F; Opp., Ex. B.)

9          On February 28, 2013, petitioner's federal habeas petition was received by the prison

10   mailroom.  (Doc. No. 1-1 at 2.)

11   **II.    DISCUSSION**

12         The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on

13   April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of

14   habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging non-capital state

15   convictions or sentences must be filed within one year of the latest of the date on which: (1) the

16   judgment became final after the conclusion of direct review or the time passed for seeking direct

17   review; (2) an impediment to filing an application created by unconstitutional state action was

18   removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was

19   recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and

20   made retroactive to cases on collateral review; or (4) the factual predicate of the claim could

21   have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  Time

22   during which a properly filed application for state post-conviction or other collateral review is

23   pending is excluded from the one-year time limit.  28 U.S.C. § 2244(d)(2).

24         The one-year period generally will run from "the date on which the judgment became

25

26   ───────────────

27   [1]  The court uses June 14, 2011, the date that petitioner signed his proof of service, as the
     filing date, pursuant to the mailbox rule.  *See Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir.
28   2000) (reaffirming that "the mailbox rule applies with equal force to the filing of state as well as
     federal petitions").

1    final by conclusion of direct review or the expiration of the time for seeking such review." 28

2    U.S.C. § 2244(d)(1)(A).  Here, petitioner's conviction became final on January 11, 2011 – 90

3    days after the California Supreme Court denied petitioner's petition for review on October 13,

4    2010.  *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file

5    petition for certiorari, his conviction became final 90 days after the California Supreme Court

6    denied review).  Thus, petitioner had until January 11, 2012 to file his federal habeas petition.

7    *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).  Absent tolling, petitioner's

8    federal petition, filed on February 28, 2013, therefore, is untimely.

9         The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during

10   which a properly filed application for State post-conviction or other collateral review with

11   respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Here, the

12   limitations period was tolled for 114 days – from June 14, 2011, through October 6, 2011.  Thus,

13   petitioner's statute of limitations extended for 114 days, making petitioner's new deadline May

14   4, 2012.

15        Respondent argues, and the court agrees, that petitioner's next state habeas petition, filed

16   in the California Court of Appeal on November 23, 2011, did not toll the statute because the

17   petition was filed in the wrong appellate court, and thus, not properly filed.  "[A]n application is

18   'properly filed' when its delivery and acceptance are in compliance with the applicable [state]

19   laws and rules governing filings," which "usually prescribe . . . the form of the document, the

20   time limits upon its delivery, the court and office in which it must be lodged, and the requisite

21   filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (emphasis and footnote omitted).  An

22   improperly filed state habeas petition does not toll the AEDPA limitation period because it is

23   treated "as though it never existed."  *Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011).

24        Even though petitioner filed a petition for writ of habeas in the California Court of

25   Appeal, First Appellate District, it does not qualify for tolling because it was not properly filed.

26   Petitioner should have filed his petition in the Sixth Appellate District.  Indeed, the First

27   Appellate District's rejection of the petition without prejudice demonstrates that the petition was

28   not properly filed.  (Opp. Ex. A at 5, citing Cal. Rules of Ct., rule 8.385(c).)  The limitations

1   period is not tolled when a petition is filed in the wrong state court. *Artuz*, 531 U.S. at 8-9

2   (recognizing that a properly filed application is one in which "its delivery and acceptance are in

3   compliance" with state laws regarding "the court and office in which [the document] must be

4   lodged"); *see, e.g.*, *Hood v. Galaza*, 47 F. Supp. 2d 1144, 1147 (S.D. Cal. 1999) (finding a

5   habeas petition was not properly filed when petitioner incorrectly sent his state petition to Kings

6   County Superior Court rather than San Diego County Superior Court), *certificate of*

7   *appealability denied*, No. 99-56146 (9th Cir. Sept. 21, 1999).  Therefore, the petition filed in the

8   First Appellate District was not properly filed because petitioner filed it in the wrong state court.

9   Thus, the filing of the state habeas petition in the First Appellate District does not entitle

10  petitioner to statutory tolling.

11          Because the state petition in the California Court of Appeal does not count toward the

12  tolling of the statute of limitation, the court must next determine whether petitioner's state

13  petitions were "pending" between the denial of his state habeas petition in Superior Court, and

14  the filing of his state habeas petition in the California Supreme Court 109 days later.  To

15  determine whether an application was "pending" for tolling purposes, a federal court must decide

16  "when a [California] review application (i.e., a filing in a higher court) comes too late."  *Carey v.*

17  *Saffold*, 536 U.S. 214, 223 (2002).  In other words, it must determine whether a petitioner

18  "delayed 'unreasonably' in seeking [higher state court] review."  *Id.* at 225.  If so, the

19  application would no longer have been "pending" during the period at issue. *Id.*

20          Noting that six months is far longer than the 30 to 60 days that most states provide for

21  filing an appeal, the Supreme Court in *Evans* held that an unjustified or unexplained 6-month

22  delay between post-conviction applications in California is not "reasonable" and does not fall

23  within *Carey*'s definition of the term "pending."  *Evans v. Chavis*, 546 U.S. 189, 201 (2006);

24  *see Chaffer v. Prosper*, 592 F.3d 1046, 1048 n.1 (9th Cir. 2010) (per curiam).  Thereafter, the

25  Ninth Circuit held that unexplained, and hence unjustified, delays of 101 and 115 days between

26  California habeas petitions were not reasonable.  *See id.* at 1048; *see e.g.*, *Stewart v. Cate*, No.

27  10-55985, 2014 WL 1707033, *5-*6 (9th Cir. May 1, 2014) (finding 100 day delay between

28  denial of state petition in appellate court and filing of state petition in state supreme court

1 | unreasonable); *Stancle v. Clay*, 692 F.3d 948, 956 (9th Cir. 2012) (finding 82 day delay

2 | unreasonable); *Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011) (finding 91 and 81 days

3 | delay between state habeas petitions was "unreasonable" with no indications from the California

4 | courts to the contrary); *Livermore v. Sandor*, No. 08-16181, 2012 WL 2513951, *1 (9th Cir.

5 | 2012) (unpublished memorandum disposition) (76 day delay between denial in Superior Court

6 | and filing in California Court of Appeal not a reasonable delay).

7 | Petitioner argues that the 109 day delay between his state petitions is reasonable because

8 | he was housed in administrative segregation for the entire time, had limited access to his legal

9 | materials and access to the law library, is not legally trained, and acted in good faith.  However,

10 | a review of petitioner's Superior Court petition and petition to the California Supreme Court

11 | demonstrates that they are virtually identical, with most pages of the petitions appearing to be

12 | xerox copied.  It is not reasonable that petitioner would need excess time to re-file an already

13 | written brief.  In addition, in petitioner's petition to the California Supreme Court, petitioner

14 | indicated that his petition to the California Court of Appeal raised the same claims as in his

15 | petition to the Superior Court.  (Doc. No. 28, Ex. E.)  And, when the California Court of Appeal

16 | denied petitioner's petition as improperly filed, the Court of Appeal returned petitioner's original

17 | petition and copies of the petition to petitioner.  (Opp., Ex. A at 5.)  Accordingly, the court finds

18 | that the 109 day period between the denial of petitioner's Superior Court petition and the filing

19 | of petitioner's California Supreme Court petition is unreasonable, and thus, not tolled.

20 | The statute of limitations was tolled again, however, when petitioner filed his state

21 | habeas petition in California Supreme Court on January 23, 2012.  It began to run again 240 days

22 | later, when the California Supreme Court denied the petition on September 19, 2012.  Thus,

23 | petitioner's statute of limitations was extended for another 240 days.

24 | In sum, the statute of limitation was statutorily tolled while petitioner's properly filed

25 | state habeas petition was pending in Superior Court – June 14, 2011, through October 6, 2011 –

26 | and when petitioner's properly filed state habeas petition was pending in California Supreme

27 | Court – January 23, 2012, through September 19, 2012.  During those periods, the statute of

28 | limitation was tolled for a total of 354 days, making petitioner's new deadline December 30,

1  2012.  Even with 354 days of tolling, however, petitioner's federal habeas petition, filed on
2  February 28, 2013, was still filed 60 days too late.

3  Absent equitable tolling, petitioner's federal petition is still untimely.  The Supreme
4  Court has determined that Section 2244(d) is subject to equitable tolling in appropriate cases.
5  *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010).  "[A] petitioner is entitled to equitable tolling
6  only if he shows (1) that he has been pursuing his rights diligently, and (2) that some
7  extraordinary circumstance stood in his way and prevented timely filing."  *Id.* at 2562 (internal
8  quotation marks omitted).  Once a petitioner is notified that his petition is subject to dismissal
9  based on AEDPA's statute of limitations and the record indicates that the petition falls outside
10  the one-year time period, the petitioner bears the burden of demonstrating that the limitation
11  period was sufficiently tolled under statutory or equitable principles.  *See Smith v. Duncan*, 297
12  F.3d 809, 814 (9th Cir. 2002).

13  Petitioner does not explicitly argue that he is entitled to equitable tolling.  Petitioner's
14  statements that he had limited access to his legal materials and access to the law library and is
15  not legally trained do not entitle him to equitable tolling.  First, a pro se petitioner's lack of legal
16  sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.
17  *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).  Next, although petitioner argues that
18  he had limited access to the law library or to his legal materials, as the court noted above,
19  petitioner raised the same claims in each of his state petitions, and the California Court of
20  Appeal returned his original petition and copies of the same.  Petitioner's federal petition is
21  mostly verbatim of his Superior Court and California Supreme Court petitions.  Petitioner does
22  not explain what other legal materials he might have needed in order to timely file a federal
23  petition.  *Cf. Ford v. Pliler*, 590 F.3d 782, 790 (9th Cir. 2009) (affirming district court's
24  determination that petitioner was not entitled to equitable tolling based on lack of access to his
25  legal files because the record showed petitioner was aware of the factual basis for his claims
26  without the files).  Moreover, petitioner provides no evidence to support the notion that he is
27  entitled to equitable tolling.  Each copy of the four requests that petitioner submitted requesting
28  access to the law library specify that he was requesting priority user status because he has a court

1   imposed deadline for a Sacramento court, case number 11F05197.  (Doc. No. 16, Ex. C.)  The

2   requests for priority user status also aver that petitioner will only work on that specified case

3   during his law library hours.  (*Id.*)  The judgment petitioner is challenging in this federal petition

4   is from Santa Clara County, not from Sacramento.  The requests for priority user status from

5   November 1, 2011, through August 21, 2012, to work on an unrelated action hardly

6   demonstrates that petitioner was diligently pursuing his rights to ensure that he filed a timely

7   federal petition in this action.

8           Accordingly, the petition must be dismissed as untimely under 28 U.S.C. § 2244(d).

9   **III.    CONCLUSION**

10          Respondent's motion to dismiss the petition is GRANTED.  The instant petition is

11  DISMISSED.  The clerk shall terminate all pending motions and close the file.

12  **IV.    CERTIFICATE OF APPEALABILITY**

13          For the reasons set out in the discussion above, petitioner has not shown "that jurists of

14  reason would find it debatable whether the district court was correct in its procedural ruling."

15  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Accordingly, a certificate of appealability is

16  DENIED.

17          **IT IS SO ORDERED.**

18  DATED: _____5/12/14_____          *Lucy H. Koh*
                                                 _____
19                                               LUCY H. KOH
                                                 United States District Judge

20

21

22

23

24

25

26

27

28